Bossange agt. Ross & Fitzgerald.

*testimony of witnesses, the examination, &c.*, shall extend to trials and other proceedings, on indictments, so far as they may be in their nature applicable, subject to the provisions contained in any statute." And further, that on such criminal trials " exceptions to any decision of the court may be made by the defendant in the same cases and manner provided by law in civil cases." Whatever, therefore, may be the practice in other states, in this we have a precise statute for our guide. Trials on indictments for public offences are placed on the same footing as trials on complaints for private wrongs.

In civil actions, the plaintiff ordinarily is required to introduce all the evidence in support of his side before resting. He cannot afterward, it is said, supply omissions " as matter of right" (*Leland* agt. *Bennett,* 5 *Hill,* 286). But this implies that he may do so as matter of favor ; in other words, that it is discretionary with the judge, in view of all the circumstances, to grant the permission or to refuse it ; and that no appeal, in such case, lies from his decision. But were the decision applicable, we think it was not erroneous. The judge exercised a sound discretion in allowing the testimony to be introduced. Indeed, had he arbitrarily refused the permission in such a case of mere technical oversight, his conduct would have been justly open to criticism. Judgment affirmed.

## SUPREME COURT.

### BOSSANGE agt. ROSS and FITZGERALD.

No recovery can be had against the parties to an *accommodation note,* where the note is discounted or purchased at a larger rate of interest than seven per cent per annum; there being no fraud or false representation by certificate or otherwise.

*New-York General Term, September,* 1859.
APPEAL from a judgment.

Bossange agt. Ross & Fitzgerald.

By the court—ROOSEVELT, Justice. The note sued on, although purporting as usual, on its face, to be for value received, was, in fact, accommodation paper. And the question is, if such paper be bought *bona fide* for a gross sum, but which sum on calculation gives, and is known to give, more than seven per cent., can a recovery be had for the amount actually paid with lawful interest, as against all the parties to the note, where there has been no fraud or false representation by certificate or otherwise.

On the trial, the counsel for the defendants "excepted to that portion of the judge's charge in which he stated that if the plaintiff bought the note in question for $600 (its face being $650), even though it was an accommodation note, he could recover from the drawer or indorser the amount actually paid, with interest."

In determining the correctness of this portion of the charge, it must be borne in mind that the judge also told the jury, that "if they came to the conclusion that Bossange discounted the note under an agreement to discount the same at a usurious rate of interest, then he could not recover."

The verdict, therefore, must be construed as a finding that the transaction was a purchase and not a discount, if there be in truth any real distinction between the two, and that the purchase was not "a mere cover" for a usurious loan, but a *bona fide* contract of buying and selling, although at a rate which, treated as interest, would yield more than seven per cent. for the use of the money. Is there, then, any real distinction—so far as usury in its civil aspect is concerned—between buying and discounting? Is not the policy of the statute equally defeated by the one as by the other? It seems to us that it is. With the wisdom of that policy the courts have nothing to do. It is for them to enforce it, wise or unwise, unless the enforcement, as in the case of certificates, or oral representations of commercial paper, conflicts with another rule of law not yet repealed, that a man shall not allege, by way of defence, that he himself has been guilty of a falsehood, and is entitled to be rewarded for the offence.

The case of certificates or representations is an exceptional· one, and of comparatively recent origin. And even this exception, the adoption of which admits the general rule to be otherwise, although sanctioned by several decisions, has never yet been finally established in the court of last resort. The general rule, just or unjust, that the purchaser of accommodation paper, without such certificate or representation, at a higher rate than seven per cent., takes it at his peril, is too well established to be now disputed. (*Hall* agt. *Wilson*, 16 *Barb.* 548.)

In the present case, it is not pretended that the maker and first indorser, who resisted the claim, received any consideration or made any representation, written or verbal, to mislead the plaintiff.

When sold, the note was not a subsisting security in the hands of the seller. Had it been then overdue, as there was no consideration, he could have maintained no suit upon it. To warrant a sale at a discount greater than seven per cent. the note at the time must be perfect and available to the holder. (*Powell* agt. *Waters*, 8 *Cowen*, 669.) When that is not the case, the transaction, although called a sale, is merely a contract, that if A. will advance B. a certain sum of money, B., C. and D., parties to the note, will, at the end of so many days, repay a larger sum—such larger sum, when paid, yielding more than seven per cent. for the use of the money for the time specified. Such a contract is clearly usurious.

Judgment reversed, and a new trial ordered. Costs to abide the event.